NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN BARAKAT, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

MEDTRONIC MICROELECTRONICS CENTER,

*Respondent Employer*,

MEDTRONIC, INC., *Respondent Carrier*.

No. 1 CA-IC 17-0059
FILED 6-19-2018

Special Action - Industrial Commission
ICA Claim No. 20090830297
Carrier Claim No. 27184981197823
The Honorable Marceline A. Lavelle, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

John Barakat, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent, ICA*

Lundmark Barberich La Mont & Slavin PC, Phoenix
By Kirk A. Barberich
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Jon W. Thompson joined.

---

**B R O W N**, Judge:

¶1        John Barakat seeks review of an Industrial Commission of Arizona ("Commission") award dismissing his petition to reopen his workers' compensation claim.  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

¶2        John Barakat worked for Medtronic Microelectronics Center ("Employer") in Tempe for 22 years.  In March 2009, Barakat slipped and fell on a staircase, hurting his back, neck, and head.  He then filed a workers' compensation claim.  Employer's insurance carrier, Medtronic Inc., provided temporary benefits and Barakat was treated for his pain.[2]  Barakat claimed various symptoms, including headaches, dizziness, hearing loss, neck pain, ankle pain, lower back pain, and various neuropsychological difficulties.  His industrial claim was closed, as reflected in a notice dated March 10, 2010, "without impairment and with a notation that liability was denied for psychiatric or psychological conditions."  The notice became final without protest.

¶3        Over the next five years, Barakat filed five petitions to reopen his claim.  In his first petition, filed in February 2011, Barakat sought treatment for dizziness, headaches, and broken bones related to a fall from his chair at work caused by dizziness.  The petition was denied in March

---

[1]        In violation of ARCAP 13(d), neither party has provided citations to the record.  We could strike the briefs and order compliance with this well-established rule.  In our discretion, we analyze the issues raised based on our own review of this extensive record.

[2]        For ease of reference, we refer to the employer and the insurance carrier collectively as "Employer."

2011, and no protest was filed. Barakat's second petition was filed in July 2011 for "all of [the same] problems." The petition was denied and Barakat requested a hearing, but it was later dismissed because Barakat failed to appear.

¶4          The third petition to reopen was filed in June 2012, and was denied. Barakat filed a request for hearing, which was granted. He testified that he filed the petition to reopen to address "dizziness, headaches, neck pain, his right little finger and his right ankle." The Administrative Law Judge ("ALJ") adopted Dr. Johnson's opinion, which concluded that any potential psychological disorders Barakat may have were not related to the industrial injury and denied the petition to reopen.

¶5          The fourth petition was filed in September 2015, which was denied, but this time when he requested a hearing, Barakat filed several letters and documentation alleging for the first time that he suffers from a head injury and post-traumatic stress disorder ("PTSD") related to the industrial injury. The ALJ denied the reopening request and specifically adopted the opinions and conclusions of Dr. Johnson, who had not diagnosed Barakat with PTSD, and Dr. Powers, who opined there was no neurologic basis for Barakat's complaints related to the injury.

¶6          Barakat filed the current petition, his fifth, on September 14, 2016, alleging he had a chronic condition of PTSD related to his initial industrial injury and he had been reevaluated by several new doctors. He also reiterated his symptoms, including falls, depression, PTSD, dizziness, imbalance, and memory problems. Barakat claimed he never had these symptoms prior to his industrial injury.

¶7          Employer filed a motion to designate applicant as a vexatious litigant, which the Chief ALJ granted in April 2017, ordering that Barakat is precluded from filing future petitions pertaining to his psychological condition unless he seeks permission to file; however, Barakat's fifth petition was exempt from this requirement. At the subsequent evidentiary hearing, Employer argued the petition was barred by res judicata, but the ALJ questioned its applicability based on the Chief ALJ's decision to allow Barakat's claim to proceed.

¶8          Barakat provided brief testimony at the hearing about his current complaints and submitted medical documentation addressing prior treatments, prior symptoms, and his ongoing treatments for his current symptoms. The ALJ gave Barakat an additional 30 days to provide medical documentation supporting his current petition to reopen. He was

specifically advised that the documentation needed to address any new, additional, or previously-undiscovered medical conditions related to his industrial injury that solely came about between the comparative dates of August 18, 2016 and September 14, 2016. Barakat timely submitted medical reports, but Employer argued the petition should be dismissed because the reports failed to provide any basis for reopening. The ALJ granted Employer's request, finding that Barakat failed to provide evidence to meet the minimum requirements to support his petition. Barakat's request for review was denied, and he timely appealed to this court.

## DISCUSSION

**¶9**         "This court deferentially reviews factual findings of the ALJ, but independently reviews any legal conclusions." *Young v. Indus. Comm'n of Ariz.*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). We view the evidence in the light most favorable to sustaining the Commission's award and will affirm its decision if we find reasonable evidence supports its findings. *Lovitch v. Indus. Comm'n of Ariz.*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

**¶10**         Barakat seems to suggest he should be able to reopen his claim to obtain additional treatment because he is still experiencing ongoing symptoms such as dizziness, anxiety, and depression stemming from the industrial injury. He argues those symptoms are getting worse and have made him unable to work or live the life he once had before the injury.

**¶11**         To justify reopening of his claim, Barakat bears the burden of "showing a new, additional, or previously undiscovered condition and a causal relationship between that new condition and the prior industrial injury." *Id.* at 105-06, ¶ 17. "A claim shall not be reopened because of increased subjective pain if the pain is not accompanied by a change in objective physical findings." Ariz. Rev. Stat. ("A.R.S.") section 23-1061(H). "If the injury is not readily apparent to a layman, the existence of a condition can be established only by expert medical testimony." *Kaibab Indus. v. Indus. Comm'n of Ariz.*, 196 Ariz. 601, 608, ¶ 22 (App. 2000).

**¶12**         The ALJ found that the appropriate dates for comparative analysis were between August 18, 2016, when Barakat's fourth petition to reopen was resolved, and September 14, 2016, when Barakat filed the current petition to reopen. Barakat testified briefly during the Commission hearing that during this timeframe his symptoms of dizziness, headaches, anxiety, and sleeplessness became worse. Although the ALJ could have denied his claim at that time based on the lack of expert medical testimony,

she gave Barakat additional time to submit a report from "any of [his] treating doctors who will say between August 18 of 2016 and September 14 of 2016 this is what's new, additional or previously discovered and explain it." In the report submitted, Dr. Patel stated that Barakat suffered from PTSD, anxiety, and depression, and responds only minimally to the medical treatment provided to him. The report further stated that Barakat's "condition has been worsening" since before December 16, 2014, and due to these "worsening symptoms, he requires continued treatment and special care, such as physical therapy sessions," which Barakat continues to attend twice a week.

¶13        The ALJ found that although Dr. Patel's report indicated Barakat's condition may be worsening, Dr. Patel "did not specify any new, additional, or previously unidentified medical condition" related to Barakat's industrial injury for which he treated Barakat since August 18, 2016. The ALJ also found that the medical documentation Barakat submitted only addressed prior symptoms, prior treatment, and ongoing treatment for symptoms that predated the filing of the current petition, all of which had been the subject of petitions to reopen. The record supports these findings.

¶14        Barakat argues nonetheless that his petition to reopen should be granted because he did not have any of his current symptoms before he fell in 2009. His health prior to the industrial injury, however, is irrelevant to the narrow question before us—whether reasonable evidence supports the ALJ's implicit finding that Barakat offered no medical evidence showing that a new, additional, or previously undiscovered temporary or permanent condition arose between August 18, 2016 and September 14, 2016.

¶15        Moreover, Barakat failed to present any evidence of a causal relationship. According to the record before us, and as noted by the ALJ, Barakat presented evidence of symptoms that predated the filing of the current petition to reopen and had been the subject of prior petitions to open; therefore, he failed to provide evidence that would meet the minimum requirements of a petition to reopen. Because reasonable evidence supports the ALJ's findings, we need not address Employer's res judicata defense.

**CONCLUSION**

¶16         Because the evidence of record reasonably supports the ALJ's award, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA